## FRALER et al. v. SEARS UNION WATER CO.

In an action for injuries to a mining claim, a claim for damages to the plaintiff by reason of the breaking away of the defendant's dam, and the consequent washing away of the pay-dirt of the plaintiff, may properly be joined with a claim for damages in the preventing plaintiff from working his claim.

The owner of the dam is bound to see to his own property, and to so govern and control it, that injury may not result to his neighbors.

The want of reasonable care on the part of another, who is injured by the breaking, cannot be set up in defense to an action for damages for the injuries thus suffered.

APPEAL from the Fourteenth District, County of Sierra.

This was an action for damages resulting from the careless and negligent construction of a dam by the defendants, across a stream, and the consequent injury therefrom, to the plaintiffs' mining claim.

The plaintiffs had judgment in the Court below, and the defendants appealed.

The facts are sufficiently stated in the opinion of the Court.

*Francis J. Dunn* for Appellants.

The complaint is defective in this, that this Court has well said, that although the form of actions, under our Practice Act, has been well defined, yet as to the matter of complaint, as of old, two separate causes of action—unless in the same class—may not be joined without the distinctive features dividing them.   Keegan & Co. of Cold Spring

Co. *v.* Bigelow *et al.* of Bigelow Co., Jan. Term Supreme Court of California, 1847.

In this case, then, is a clear conflict with the rule laid down in the case above referred to, in this: that the cause of action, that is, for the breaking of the dam of the defendants, and the consequent injury resulting therefrom, is joined with a count in the same complaint, mixed and joined for damage, in consequence of the plaintiffs being prevented from working their claims.

We say, the demurrer should have been sustained, in virtue of the fact, as set forth in the demurrer, that the true cause of action is not stated in the complaint. At common law, we take it, that the cause, as the facts elicited, was one in trespass only, being immediate and not consequential; yet the said complaint is one for consequential damages.

The action is in the nature of an action of trespass; although the count or complaint is in case, the two could not be joined.

*McConnell & Niles* for Respondents.

1st. The instructions given for plaintiffs, numbered 1, 3, 6 and 7, refer to the degree of negligence of defendants, in the construction of their dam, which would render them liable for injuries resulting from its breakage.

In the case of Lumy *v.* The Miners' Ditch Co., (April Term, 1857) this Court said: "There is no doubt that the owners of a ditch would be liable for wanton injury or gross negligence, even if prior in point of time." We do not believe that this Court intended to say that the ditch owners, prior in point of time, would be liable only for wanton injury or gross negligence; but in the case at bar, we may safely admit that it was the intention of this Court, in the case cited, to extend the limit of the ditch owners' liability to that extreme, for every one of the plaintiffs' instructions call upon the jury to find for plaintiffs, only in case they find the defendants guilty of gross negligence or recklessness.

It was the breakage which caused the injury, and no care of plaintiffs in the management of their property, could have prevented it. Hence defendants' instructions were properly refused. Cook *v.* Cham-

plain Nav. Co., 1 Denio, 92 ; 1 Smith's Leading Cases, Hare & Wallace's Notes, ed. of 1855, p. 365 ; Bird v. Holbrook, 4 Brief, 628 ; Platte v. Wilkes, 3 B. & A. 308 ; Walters v. Pfeil, 1 Moody & Malk. 362 ; Davies v. Mann, 10 Mees & Wel. 546 ; Lynch v. Murden, 1 Adolphe & Ellis, N. S. 29 ; Smith v. Dolson, 2 Man. & Gran. 59 ; Mayor of Col. v. Brooks, 7 Ad. & Ellis, N. S. 339.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action for injuries to mining claims, and loss of gold-bearing earth, occasioned by the negligent building of defendants' dam across and over a ravine, upon which the plaintiffs' claims were located —the claims being above the dam. The injury is charged to have rusulted to the plaintiff, from the careless construction of the dam, and a reservoir, whereby the gold-bearing earth of the plaintiffs was washed away by the water and lost, and other injuries done to their mining claims and property.

The defendants demurred to the complaint, and assigned several technical causes of demurrer. The main ground taken here in argument is, that there is a misjoinder of causes of action in the complaint, in this : that the complaint claims damages for the immediate injury, by the breaking of the dam, to the pay-dirt, etc., of the plaintiffs, and also to the plaintiffs in preventing them from working their claim. But this is no misjoinder—if the objection be warranted by the facts—even according to the rules of common law pleading, which recognized the nice, and now obsolete, distinction between the action of *trespass vi et armis*, and the action of *trespass on the case*. For either of these classes of damages, the form of remedy would be *case* by the old rule ; the gist of the action not being the erection or breaking of the dam, but the negligence—the indirect consequence of which negligence was the injury—just as in cases of injuries caused by the not keeping of streets in repair, and the like. Chitty on Pleadings, 1 vol. 126.

The complaint seems to be well drawn, and sufficiently states the facts, viz. : that the plaintiffs, before the committing the grievances complained of, owned and possessed the premises injured, and that the

defendants carelessly, negligently and unskillfully built the dam and reservoir, and filled it with great quantities of water, which they detained at and along the dam, thereby causing the plaintiffs' claims to overflow, and the gold-dirt to be washed away, and the claims to remain unworked, etc.

Numerous instructions were given, and several were refused.   The Court instructed the jury that the plaintiff could not recover unless the defendant was guilty of gross negligence.   This was repeated in a variety of forms.   We think that, if any fault is to be found with the charges given, it is that they were too favorable to the defendant.

An instruction (marked No. 4 of those asked by the defendant) was refused, and the refusal excepted to.   The Court was asked to charge that, if the jury believe that the injuries could have been prevented by the exercise of reasonable care on the part of the plaintiffs, they must find for the defendant.   This was refused.   If such an instruction be proper in any case, it is not in this.   The plaintiffs were in no default for keeping their property on their own premises, nor were they bound to remove it, nor to rebuild or alter the defendant's dam.   He could not be held to the knowledge of the consequences, or the probable injuries resulting from the defendant's negligence.   The defendant was bound to see to his own property, and to so govern and control it, that injury would not result to his neighbor's.   If, in consequence of gross neglect, on the part of the plaintiffs, the injury happened, a different rule *might* be applied; but a mere want of reasonable care to *prevent the injury*, does not impair the right to recover.   We apprehend, if a man carelessly fires a gun into the street, that it would scarcely be admissible for him, when sued for the injury done another by it, to say that, by reasonable care, the other might have got out of the way.   The instructions given in this general form, if the substance could be supported under any given state of facts, could only be to mislead the jury in this case; for what would be reasonable care under the circumstances?   What should the plaintiffs have done?   Should they have controlled the property of defendant? or removed his own effects? if so, when? or inspected the dam —or offered to repair it—or given formal notice of defects?   These

inquiries show the danger of such an instruction, as well as illustrate the radical error it embodies.   See Lynch *v.* Nurdin, 1 Adol. & El. 29.

Several other instructions were asked, but the substance of them had already been given; and the body of the charges—some twelve or more—presented to the jury, fully and clearly, the propositions of law which applied to the whole case, and every material point, and enabled the jury fairly to pass upon the entire issue.

We cannot interfere with their verdict, there being some evidence upon which it can rest.

Some other errors were assigned, but we think it unnecessary to notice them.

The judgment is affirmed.