CASPAR FRITZ vs. FIRST DIVISION OF THE ST. PAUL & PACIFIC RAILROAD COMPANY

February 26, 1876.

Ordinance Permitting Cattle to Run at Large—Duty of Railroad Company to Cow Crossing Tracks.—An ordinance of the city of St. Paul provides that "cows may run at large during the day-time, from five o'clock in the morning to nine o'clock in the evening, from the first day of April to the first day of December." *Held,* that this ordinance authorizes the owners of cows to permit the same to make highway use of the public streets unattended, and, therefore, that to permit a cow to use a public street in such manner, even though she may be liable to stray upon a railroad track at a crossing, is the exercise of a lawful right, and not *per se* negligence; and that a railway company (unless expressly privileged by statute) is to exercise its right to cross a public street with reference to this right of the owner of the cow, so that, notwithstanding a cow at large and unattended in a public street may be liable to stray upon the track, it is the duty of the company to exercise reasonable diligence to avoid injuring her, with reference to the fact that she is a brute and not a rational being.

Same—Ordinance Regulating Speed of Trains—Negligence.—The foregoing propositions applied to this case upon the question of negligence, with special reference to evidence that at the time when the plaintiff's cow was struck by defendant's train, such train was running at a speed prohibited by a city ordinance, and without the ringing of a bell as by such ordinance required.

This action was brought in a justice's court, where plaintiff had judgment. The defendant appealed, on questions of law and fact, to the district court for Ramsey county, where a trial was had before *Wilkin,* J., and a verdict rendered for plaintiff. A new trial was refused and defendant appealed.

*Bigelow, Flandrau & Clark,* for appellant.

*G. Siegenthaler,* for respondent.

BERRY, J. The plaintiff brings this action against defendant for killing his cow by negligently running into her with a locomotive. At the time she was struck the cow was in Rice street, a public street of St. Paul, at the crossing of the same by defendant's railway. The accident occurred August 29, between seven and eight o'clock in the morning.

and it appeared that the plaintiff, who resided about a hundred rods from the crossing, had milked her that morning, and turned her out to " hunt her feed," according to his usual custom; and there was evidence in the case tending to show that, at the time she was struck, she was passing along Rice street, and over the crossing, on her way " out into the country to feed."

An ordinance of the city of St. Paul provided "that cows may run at large during the day-time, from five o'clock in the morning to nine o'clock in the evening, from the first day of April to the first day of December." For the purposes of this case it is unnecessary to construe this ordinance further than to say that it authorizes the owners of cows to permit the same to make highway use of the public streets unattended; and it follows that to permit a cow to use a public street in this way, even though she may be liable to stray upon a railroad track or crossing, is the exercise of a lawful right, and not *per se* negligence; *Alger* v. *Mississippi & Missouri R. Co.*, 10 Iowa, 268; *Galpin* v. *Chicago & N. W. R. Co.*, 19 Wis. 604; and it further follows that a railway company, unless expressly privileged by statute, is to exercise its right to cross a public street with reference to this right of the owner of a cow, so that, notwithstanding a cow at large and unattended in a public street may be liable to stray upon the track, it is the duty of the company to exercise reasonable, and at least ordinary, diligence to avoid injuring her, with reference to the fact that she is a brute and not a rational being.

With these views of the rules of law applicable to this case, we are of opinion that the jury was, upon the evidence, at liberty to find that the plaintiff was guilty of no negligence in the premises.

Ordinance No. 54 of St. Paul (compilation of 1875) provides (with exceptions not here important) " that no railroad company or corporation, or their agents or employés, shall run a locomotive or train of cars, or single

car, within the limits of the city of St. Paul, at a greater speed than four miles per hour, nor without having and ringing a bell of sufficient size at all times while so in motion."

On the part of defendant the testimony was that the locomotive crossed Rice street at a speed of "about six miles an hour," while witnesses called by plaintiff testified that the rate of speed was much higher. There was also a conflict of testimony as to whether or not the bell was rung as required by the ordinance, and the testimony of the witnesses called by plaintiff was so contradictory, in several respects, of the testimony of defendant's witnesses, that the jury was at liberty to credit the former, to the discredit of the latter. In this condition of the case we are of opinion that the jury was at liberty to find that the defendant, whose train was runing at an unlawful speed, was not only guilty of negligence in the premises, but of proximate negligence, the direct consequence of which was the killing of plaintiff's cow. *Correll* v. *Burlington, Cedar Rapids & Minn. R. Co.*, 38 Iowa, 120 ; and, considering the unlawful speed at which defendant's train was running, and its obligation to run its train with reference to plaintiff's rights in the highway, we do not regard the fact (if such it be) that the plaintiff's cow had passed over the track when the locomotive had reached Rice street, and was subsequently " shoved or driven back onto the locomotive," as defendant's fireman testifies, as by any means decisively showing that her death was not caused by the negligence of defendant or its employés.

Order affirmed.