## BENJAMIN G. CLARK ET AL. V. WILEY S. DYER.

### No. 7082.

1. **Immaterial Assignment.**—Where on exceptions by defendant an item in the petition is stricken out the defendant can not complain of any other ruling touching said item.

2. **Case Adhered to—Nuisance.**—Austin & Northwestern Railway Company v. Anderson, 79 Texas, 427, adhered to touching statutes of limitation in suits for damages for overflowing lands caused by failure to construct and maintain sufficient culverts along a railway track to drain the land.

3. **Same.**—Limitation against damages caused by failure to construct and maintain sufficient culverts along a railway runs from the date of each overflow caused by such failure.

4. **Liability of Receivers—Notice.**—A continuance by the receivers of a railway company of an embankment not provided with sufficient culverts and sluices to drain the water, and the use of same, is an adoption of the nuisance and renders them liable as were the originators of the wrong, without actual notice having been brought to them.

5. **Receivers Under Federal Court.**—By Act of Congress of March 3, 1887, receivers appointed by the United States courts in possession of property are required to administer it according to the laws of the State where situated. The State law imposed upon the receivers a duty which they neglected, for which action lies.

6. **Res Adjudicata.**—A recovery of damages for injuries from the overflowing of the same land by the same railway embankment not supplied with the necessary culverts, etc., is no bar to a recovery for damages caused by an overflow at a time subsequent to that for which the recovery was had.

7. **Contributory Negligence.** — A land owner adjoining a railway track is not guilty of contributory negligence by planting his usual crops thereon although the land had formerly been overflowed, in an action for damages to his crop by an overflow caused by the neglect to construct and maintain the necessary culverts along the railway track.

8. **Same.** — The law will not permit the promoter of the wrong complained of to prevent the owner from the use of his land or make his use of it to be at his peril.

9. **Pleading — Negligence.** —The petition alleged that the embankment causing the overflow was constructed and continued in use without sufficient culverts to draw off the surface water, and that the damages resulted therefrom. This was sufficient, as it alleged the failure of duties prescribed by law, and resulting injuries. The express charge of negligence was not necessary.

APPEAL from Hill. Tried below before Hon. J. M. Hall.

This is an appeal from a judgment for $1235 damages caused to appellee by the overflowing of his lands in 1887. The injury is alleged to have been caused by the negligence of appellants, receivers, to construct and maintain sufficient culverts to drain the surface water, as required by statute. The petition also alleged like injuries during the years 1885 and 1886. These were stricken out because barred by limitation.

*Alexander & Campbell,* for appellants.—1. The statute of limitations begins to run from time of the act, and not from the time the injury may have finally and fully developed itself. Waterworks v. Kennedy, 70 Texas, 233.

2. The injury complained of by plaintiff to his lands arose either from the lawful or unlawful act of the railway company. Railway v. Chaffin, 60 Texas, 553; Waterworks v. Kennedy, 70 Texas, 233; Railway v. Long, 1 Ct. App. C. C., sec. 561; Powers v. Council Bluffs, 24 Am. Rep., 792; Pierce on Railways, p. 230.

3. The road if constructed in the manner alleged by plaintiff upon his land without first constructing the necessary culverts and sluices, as the natural lay of the land requires, was an illegal act, done in the face of the statute, and limitation would begin to run from the time plaintiff was informed of said illegal act and began to receive injury therefrom. Rev. Stats., art. 4171.

4. No one should be held for continuing a nuisance unless he knew of its existence and was requested to abate it, and this fact must be alleged and proved. Cool. on Torts, 611, 612; Conhocton Stone Road v. Railway, 51 N. Y., 573; Pillsberry v. Moore, 44 Me., 154; 69 Am. Dec., 91; Angell on Watercourses, sec. 403; Walter v. Commissioners, 35 Md., 385; Johnson v. Lewis, 25 Am. Dec., 497.

5.   Defendants' plea of res adjudicata was a complete defense to plaintiff's cause of action for damages to his land, at least, and was not bad on general demurrer, or to more correctly state, without any demurrer it was not void.   Railway v. Long, 1 Ct. App. C. C., secs. 559–561; Pierce on Railways, p. 230; Troy v. Railway, 3 Foster, 83; 55 Am. Dec., 177; Fowler v. Railway, 107 Mass., 352.

*B. D. Tarlton* and *D. Darden,* for appellee.—1. This being an action brought to recover damages for and injuries done to crops and temporary damages to land on account of said overflow of August 30, 1887, the cause of action accrued and limitations began to run not with the construction of the railway embankment, but with the occurrence of the flood, less than two years before the institution of this suit.   Rev. Stats., art. 4171; Railway v. Helsley, 62 Texas, 593; Railway v. Johnson, 65 Texas, 389; Railway v. Seymour, 63 Texas, 345; Owens v. Railway, 67 Texas, 679.

2.   It was the bounden duty of defendants as receivers, trustees, and controllers of the railway company's property to take notice of the condition of the embankment and to provide the same with the necessary culverts, etc., as by statute required.   Rev. Stats., art. 4171; Pierce on Railways, 325, 326, and notes.

3.   The court did not err in sustaining plaintiff's general demurrer to defendants' plea of res adjudicata, the facts pleaded in same being insufficient to show a former recovery for the same cause of action as the one relied on in this suit, and on which recovery was herein had. Rev. Stats., art. 4171; Sayles' Civ. Stats., art. 1470a, note 1; Railway v. Helsley, 62 Texas, 593; Railway v. Johnson, 65 Texas, 389; Railway v. Seymour, 63 Texas, 345; Owens v. Railway, 67 Texas, 679.

4.   The evidence showing negligence in the failure on the part of defendants to comply with their statutory duty in the construction of proper culverts, sluices, etc., and further showing that plaintiff was damaged in the amount awarded him, the judgment being in accordance with the proper measure of damages herein, was justified and should be affirmed.   Rev. Stats., art. 4171; Sayles' Civ. Stats., art. 1470a, note 1; Railway v. Helsley, 62 Texas, 593; Railway v. Johnson, 65 Texas, 389; Railway v. Seymour, 63 Texas, 345; Owens v. Railway, 67 Texas, 679.

FISHER, JUDGE, *Section B.*—This suit was instituted by appellee against appellants, seeking recovery of damages resulting from overflowing his lands and destroying his crops and fences thereon.   The overflows occurred in 1885 and 1887, while the Central Railway was in possession of appellants as receivers.   In an embankment constructed by the railway it failed to place necessary culverts as the natural lay of the land required for a proper drainage of surface water therefrom, thereby causing the water to collect and overflow appellee's

land, resulting in the damages complained of in the petition. The cause of action for injuries resulting by the overflow of 1885 and 1886 was stricken out by the court on demurrers of appellants. The trial was had upon the count for damages occurring in 1887, and resulted in a judgment in favor of appellee.

The appellants' first assignment of error presents a question of no importance, because the item of $350 damages was stricken out by the court when the appellants' first and second exceptions to plaintiff's petition were sustained; and this item was not considered or passed upon by the court when judgment was rendered, and no recovery is had therefor.

Appellants contend in their second assignment that the allegations of the petition show that the railway was a permanent structure for more than two years prior to the institution of this suit, and thereby plaintiff's demand is barred by limitation, the cause of action maturing from the erection of the embankment and not from the time of overflow.

For support of this position they rely upon the case of Waterworks v. Kennedy, 70 Texas, 233. Upon this question we content ourselves with remarking that damages resulting from causes of the character complained of in this case do not fall within the rule announced in Waterworks v. Kennedy, as has been expressly decided in the case of Austin & Northwestern Railway Company v. Anderson, 79 Texas, 427. The injured party has his action for damages occasioned by each overflow (Railway v. Helsley, 62 Texas, 593), and limitation commences to run from the occurrence of each. Austin & Northwestern Railway Company v. Anderson, supra.

The fourth assignment of error complains of the overruling of appellants' sixth special exception, "because they are sued for continuing a nuisance that was originated by another, and there is no allegation that they had knowledge of its existence or were requested to abate it."

The demurrer upon which this assignment is based is general in its terms and can not be regarded as a special exception. In the respect complained of we think the petition sufficient when tested by a general demurrer. Without entering into the question whether the embankment in its condition was a nuisance, and that plaintiff's duty was to charge appellants with notice of that fact, we think from the averments of the petition this result is accomplished. The petition charges that appellants were for some time prior to the overflow of 1887 in possession of the road, using and operating the same, and during this time several overflows occurred. The decisions that hold that notice of the nuisance must be given to the vendee of the originator of the nuisance before he can be charged with its results do not declare what this notice shall consist of and what shall be done to impart it. In this case the statute imposed the duty upon the railway to provide the embankment with culverts and sluices sufficient to drain off the surface

water. A necessary implication arising from this statute is that the duty is not only to construct but to maintain the culverts in proper condition, so that they would accomplish the purposes for which they were constructed. The allegations of the petition charging the appellants with possession and use of the road during the periods of the several overflows are sufficient, we think, to charge appellants with notice of the defective condition of its roadbed in the respect complained of. A continuance of the embankment and a use of the same in its defective condition by appellants is an adoption of the nuisance, and renders them liable as the originators of the wrong. Steple v. Spring, 10 Mass., 73; Canal and Banking Co. v. Ryerson, 3 Dutch. (N. J.), 458; Caldwell v. Gale, 11 Mich., 77.

The act of Congress passed March 3, 1887, provides that receivers in possession of property under administration of Federal courts shall manage and operate same according to the requirements of the laws of the State in which such property may be situated, in the same manner as the owner if in possession would be bound to do. It is evident the purpose of this statute was to require of the receiver in the operation and management of the property the performance of the duties required by law of the owner. The owner is required by article 4171, Sayles' Civil Statutes, to maintain the embankment and roadbed in condition to drain off the surface water as the natural lay of the land requires. The act of Congress imposes the same duty upon the receiver.

The fifth assignment of error complains of the action of the court in striking out appellants' pleas of res adjudicata and contributory negligence. The plea of res adjudicata alleges that appellee in 1883 recovered a judgment against the Texas Central Railway Company for $199 damages to the same lands described in the petition and caused by overflow resulting from the defective construction of the same embankment. The petition and judgment in this case are based upon damages resulting from an overflow occurring in 1887. The plea is predicated upon the idea that the railway is a permanent structure, and damages result from the time of the erection thereof, and not from each subsequent occurring event that may result in injury, and consequently that the recovery in 1883 is a bar to any subsequent action.

The views expressed under the second assignment of error dispose of this question. No injury resulted to appellants in striking out the plea. The acts of contributory negligence charged by appellants in their plea is that "plaintiff planted his crop with full knowledge that the land was subject and liable to overflow." The question for our determination is whether these acts constituted contributory negligence in plaintiff. If not, then no injury resulted to appellants by striking out the plea. It can serve no profitable purpose for us to repeat the rules of law that govern in this State the reciprocal duties of the parties

in their conduct to each other or to give the degrees of negligence that fix the liability of either party for his wrongful acts.

The facts in the case show that appellee was in lawful possession of his land, using the same for a lawful purpose, when the overflows occurred. The owner in lawful possession of his land is entitled to use it in any lawful manner he may desire for any purpose for which it may be adapted. The owner in the exercise of this right is not guilty of negligence if he does not anticipate the results and consequences of acts that are remote and may never happen, and of which he is not the promoting cause. The negligence that would defeat his recovery must be such as would proximately contribute to the injury. It can not be said that the owner is guilty of negligence if he plants a crop on land that may be overflowed when there are no present indications of that fact. To so say would be to charge the owner with a degree of care not exacted by the law, and would require him to anticipate results that are speculative and remote, and so anticipating he would be deprived of the beneficial enjoyment of his property for all time to come, or to such time as the agencies producing the overflow may be removed by those that occasioned them.

The law does not require that the owner shall preserve and guard his premises from the effects of injuries caused by the wrongful acts of another before he is justified in the use thereof. A different rule would virtually deprive the owner of the beneficial rights that flow with and are incident to the enjoyment of his estate; for an attempted use would always be defeated by the results that would flow from the wrongful acts of the promoter of the injury, he being permitted to say, you can not hold me for the results of my wrong because you should have anticipated injury would flow therefrom and you should have guarded against it. The law will not permit the promoter of the wrong to so deprive the owner of the use of his property or to permit him to use it at his peril. Cool. on Torts, sec. 679; Salmon v. Railway, 38 N. J. L., 6; Fritz v. Railway, 22 Minn., 404; Blaine v. Railway, 9 W. Va., 254; Underwood v. Waldron, 33 Mich., 233; Wilder v. Railway, 65 Me., 338; Railway v. Hendrickson, 80 Pa. St., 189; Emery v. Railway, 102 N. C., 229; Kellogg v. Railway, 26 Wis., 228.

The wrongful act of appellants in failing to comply with the statutory duty of maintaining the embankment with proper culverts to carry off the surface water was the primary cause of the injury. Their duty was to maintain the proper culverts, and a failure to do so would not deprive the appellee of the beneficial use of his lands. He had a right to expect that the requirements of the law would be complied with, and the existence of the wrong once being permitted by appellants would not require him to anticipate that it would be continued and that appellants would not do what their duty required. When appellee planted

his crop the danger was not present and it could only be anticipated, and that dependent upon contingencies and future events that might never occur. We do not think the plea presented a case of contributory negligence.

The objections to the sufficiency of the allegations of the petition raised by the sixth and seventh assignments of error are not well founded. We think it appears from the averments of the petition that the embankment was constructed and continued in use without sufficient culverts to drain off the surface water, and that the damages resulted therefrom. Railway v. Hadnot, 67 Texas, 505. The petition does not expressly charge appellants with negligence, but it alleges their failure to perform certain duties required by law and charges injuries and damages as the results of this failure. We think the effect of these allegations is to charge negligence.

We conclude the case should be affirmed, and so report it.

*Affirmed.*

Adopted June 9, 1891.

Judge TARLTON having been of counsel, was disqualified and did not sit in this case.