## THE WATERS-PIERCE OIL COMPANY v. G. E. KING.
### No. 1121.

**Contributory Negligence.**—Plaintiff erected a store house adjacent to the
warehouse of the defendant.  Both houses were on the right of way of a rail-
way, leased from the railway company, and were exposed to fire from sparks,
etc., from passing trains.   The defendant negligently kept his warehouse, in
which were stored gasoline and kerosene, in an unsafe condition.   It took fire,
and from explosion fire was communicated to the store house of the plaintiff.
*Held*, that the plaintiff was not guilty of contributory negligence in building
near the warehouse.  He had a right to expect that the defendant would exercise
proper care all the time, such as the circumstances required.


APPEAL from the County Court of Williamson.    Tried below before
Hon. D. H. CHESHER.


*Robertson & Pedigo*, for appellant.—If appellee, at the time he erected
his warehouse on the right of way of the International & Great Northern
Railway in Taylor, Texas, and stored therein such material as hay, cot-
ton seed meal, and coal, knew the kind and character of highly inflam-
mable and explosive material appellant stored in its warehouse, and knew,
or by the exercise of ordinary care and diligence could have known, the

condition of its premises, and could have erected his warehouse and stored his hay, cotton seed meal, and coal at a greater distance from appellant's warehouse and tanks, then appellee would be guilty of contributory negligence, and should not be permitted to recover. Cool. on Torts, 674; Beach on Con. Neg., sec. 3; Pierce on Rys., 324.

*R. L. Penn* and *J. W. Parker*, for appellee.—The agreed facts show that appellant, by the use of usual and ordinary care, could have kept its said warehouse, tanks, and premises in such condition that the danger of the same being set on fire would not have been greater than that incident to ordinary wooden buildings; and appellee in building his warehouse was not chargeable with notice, or required to anticipate that it would not keep its premises in such condition; and appellee was not guilty of contributory negligence in erecting his said warehouse on the said lot, and in storing his said property therein. Shearm. & Redf. on Neg., sec. 31; Cook v. Transportation Co., 1 Denio, 91–96; Whitt. Smith on Neg., 387; Kellogg v. Railway, 26 Wis., 223; O'Connor v. Railway, 7 S. W. Rep., 107, 108, and cases cited; Fraler v. Water Co., 12 Cal., 555.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellee for damages by fire destroying his warehouse and certain property therein, alleged to have been caused by the negligence of defendant (appellant). Judgment was rendered for appellee in the court below.

The only question presented for our consideration in this case under the agreed statement is, "Was the plaintiff, under the facts proven, in building his warehouse in proximity to defendant's warehouse and tanks, and in storing said property therein, guilty of contributory negligence such as will defeat his right to recover in this case?"

The question must be answered in the negative.

The question presupposes negligence on the part of the defendant which, without contributory negligence on the part of plaintiff of a character that would defeat his action, would authorize a judgment against defendant.

The facts warrant the conclusion of such negligence on the part of defendant. Its warehouse and oil tanks containing kerosene and gasoline were in dangerous proximity to the tracks of the railway, along which engines passed every ten or fifteen minutes, emitting sparks of fire, live coals, and burning cinders, which fell on and about defendant's premises and about its warehouse. The floor and lower part of the walls of the warehouse and the ground adjacent thereto had been permitted by defendant to become wet and highly inflammable by the escape of large quantities of gasoline and kerosene from its tanks and barrels; and on the day of the fire defendant had thrown "a lot of broken and charred wooden boxes and jackets, which are thin wooden covers for kerosene and gasoline cans, and which had been wet with kerosene and gasoline, and all of

which was suitable for good kindling wood, out of its warehouse, and between its warehouse and the railway tracks, and permitted the same to remain in a pile within a few feet of the warehouse.'' The fire originated in this pile of combustible material, and '' the only reasonable inference is that the same was caused by sparks and cinders or coals of fire cast out by an engine or engines, passing along the tracks, and falling into the pile of boxes and jackets.'' The fire originated about 4 o'clock p. m., '' immediately communicated to defendant's warehouse, and to the casks, barrels, and cans of kerosene and gasoline therein;   *   *   *   burned with great and unusual rapidity and violence, and caused the casks, barrels, and cans of kerosene oil and gasoline in the warehouse to explode and cast quantities of burning oil over the warehouse.'' '' Defendant, by the use of usual and ordinary care, could have kept its warehouse, tanks, and premises in such a condition that the danger of the warehouse being set on fire would not have been greater than that incident to ordinary wooden buildings.''

These facts are sufficient to justify the finding that defendant was guilty of negligence charging it with the responsibility of the fire.

The warehouses of the parties were both built of wood, on the right of way of the railway, on land leased from the railway company, about fifteen feet from each other; plaintiff having erected his in December, 1892; defendant's long before. Defendant had been using its warehouse for the purposes stated several years before the fire, and about the 15th day of November, 1892, it was partially destroyed by fire, the roofing almost destroyed, and a number of large holes burned therein, the shingles remaining charred, the walls charred, and a number of holes burned therein, the building remaining in this condition up to the 22nd day of April, 1893—the time of the last fire, which destroyed plaintiff's property.

''At the time of the erection by plaintiff of his warehouse in December, 1892, he knew the purpose for which defendant used its warehouse and tanks, and the inflammable and explosive nature of kerosene and gasoline oil, and plaintiff could have erected his warehouse on the ground leased by him from the railway company, so that it would have been about thirty feet further from defendant's warehouse and tanks.'' At the time of the fire plaintiff had stored in his warehouse such material as baled hay, cotton seed meal, cotton seed hulls, and coal. From these facts defendant contends that plaintiff was guilty of contributory negligence; that ordinary care demanded that he should have placed his warehouse further away from that of defendant.

As before stated, we must hold a different view. The danger of fire ordinarily incident to defendant's premises was greatly enhanced, and in fact was caused, by its negligence on the day of the fire. Plaintiff was not bound to anticipate this want of care on the part of defendant; he had the right to presume that defendant would exercise proper care at all times, such as the circumstances required, and certainly that it would not

increase the risk by negligently making a pile of inflammable material where the fire could more easily kindle. After the fire caught it was the duty of plaintiff to exercise reasonable care to save his property and to lessen the injury, but he was not bound to provide against the negligence of defendant that might occur. Both parties may have assumed risk in building their warehouses on the railway right of way, but neither could be excused for so negligently using his property as to increase the risk, and thereby injure the other. "So use your own as not to injure another's" is the rule; not "So use your own that another shall not injure your property." Kellogg v. Railway, 26 Wis., 223; Clark v. Dyer, 81 Texas, 339; Fraler v. Water Co., 12 Cal., 555; 73 Mo., 219; 85 Mo., 229; 8 Mo., 320; 7 S. W. Rep., 107, 108.

The building by plaintiff of his warehouse in proximity to that of defendant would not exonerate defendant from proper care in the management of its business; and though both were in places of danger from passing trains, defendant could not legally expose plaintiff's property to additional danger by neglect in keeping its premises in proper condition.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered January 10, 1894.