ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. J. A. BAER.

Decided April 5, 1905.

1.—Railroad—Culverts.

The requirement of the statute (Rev. Stats., art. 4436) that a railway company shall construct and maintain "the necessary culverts and sluices, as the natural lay of the land requires, for the necessary drainage thereof" is absolute, and it is liable for damages from failure to either so construct or maintain, irrespective of negligence.

2.—Requested Instructions.

The court is not required to reconstruct and properly frame a requested charge so as to eliminate an objectionable part, though the portion not subject to objection was proper to give if not blended with that which was erroneous.

3.—Charge—Construction—Maintenance.

Where damage by default in maintenance of proper ditches was an issue a charge which relieved the defendant railway from liability in case of proper construction was rightly refused.

4.—Growing Crop—Damages.

Where a growing crop has a market value in such condition it was proper to instruct the jury that the measure of damages for its destruction or injury by overflow was the value or diminution in value of such crop.

Appeal from the County Court of Hunt County. Tried below before Hon. F. M. Newton.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.— Under the pleadings and evidence in this case, negligence or no negligence was a question of fact for the jury to determine, and the court erred in authorizing a recovery by the plaintiff without requiring a finding that the damages sustained by him were due to the negligence of the defendant.

The plaintiff's cause of action is based on the alleged negligence of the defendant in damming up the ditches on its right of way through plaintiff's farm, and it was error for the court to refuse to give, in charge to the jury, a proper definition of negligence, and to refuse to instruct the jury that, unless the defendant was negligent, as alleged, the plaintiff was not entitled to recover.

The defendant owed no duty to the plaintiff to construct and maintain ditches that would carry off water that was diverted from its natural course into such ditches, and if the damages claimed were due to overflows produced by water being diverted from its natural course into the ditches by the action of plaintiff or others, then the defendant was not liable, and the court erred in refusing to so instruct the jury.

The measure of damages for injury to plaintiff's crops was the difference between the actual cash market value thereof just before and just after the overflow, and the court erred in giving a different measure in charge to the jury.

*J. S. Sherrill,* for appellee.—The statute which requires that a railway company, in constructing its roadbed, shall construct culverts, or sluices, such as the natural lay of the land requires for the necessary drainage thereof, imposes the duty of maintaining such culverts, and the court did not err in so charging the jury. Dobbins v. Missouri, K. & T. Ry., 91 Texas, 60; Gulf, C. & S. F. Ry. v. Helsley, 62 Texas, 593.

It is the duty of the court to refuse a special charge which directs a verdict for the defendant on one phase of the testimony and ignores other phases of the testimony on which the jury would be authorized to find for the plaintiff. Missouri, K. & T. Ry. Co. v. Ferris, 23 Texas Civ. App., 218.

It is the duty of the party dissatisfied with any part of the court's charge to seek a correction thereof, by requesting a proper special charge. The seventh special charge requested by appellant, intended for this purpose, was insufficient and improper because it did not state correctly the measure of damage to the crops on the land, and could not be given by the court in the form presented. Trinity & S. Ry. Co. v. Schofield, 72 Texas, 499; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 456; International & G. N. Ry. Co. v. Pape, 73 Texas, 501; Harris v. First Nat. Bank, 45 S. W. Rep., 311; Missouri, K. & T. Ry. Co. v. Cardena, 22 Texas Civ. 302.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee against the railway company for damages to his crops and lands, alleged to have been caused by water overflowing the ditches along the defendant's roadbed. It is alleged that the railway company negligently failed to construct and maintain the necessary culverts and sluices for the drain-

age of the land, and failed to maintain such sluices and ditches in proper condition.

The charge submitted by the court, and which is complained of in the first assignment of error, practically instructed the jury that the railway company was under the duty, in constructing its road across the plaintiff's land, to construct and maintain such culverts and sluices as the natural lay of the land required for the necessary drainage thereof. This charge is objected to, for the reason that the statute only makes the railway company liable when it negligently fails to perform this duty, or fails to maintain the ditches and sluices in proper order. In San Antonio & A. P. Ry. Co.`v. Gurley (11 Texas Ct. Rep., 359) and Texas & Pac. Ry. Co. v. Whittaker (11 Texas Ct. Rep., 249), it is held that the requirements of the statute are absolute, and the right to recover damages resulting from such failure is not dependent upon whether or not the railway company was guilty of negligence.

The case of Clark v. Dyer (81 Texas, 343) holds that the failure to maintain the right of way or the sluices and culverts in proper condition, so as to effect the purpose intended by the statute, is not dependent upon the fact whether the railway company was guilty of negligence or not. In other words, the duty to maintain in proper condition is to be governed by the same absolute rule that requires the railway company to construct.

What we have said disposes of the second assignment of error. The first portion of the charge requested under appellant's third assignment of error was erroneous. It stated, in terms, that the defendant owed no duty to the plaintiff to construct and maintain ditches that would carry off the water which was diverted from its natural course to such ditches. There the sentence ends. Then the charge proceeds upon the theory that the railway company would not be liable for damages resulting from ditches on the plaintiff's farm constructed by the plaintiff or those under whom he claims. The charge being improper in the particular first noticed, it was properly refused. Although the issue presented by the latter portion of it might have been submitted, the court was not required to properly frame and reconstruct the charge, so as to eliminate the objectionable portion.

The action of the court in refusing the charge set out under the fourth assignment of error was correct. This charge loses sight of that phase of the case which sought to hold the appellant liable for its failure to properly maintain the sluices and ditches in proper condition. The first portion of the charge does mention the word "maintain," but it concludes with this statement: "And unless you believe from the evidence that the plaintiff has suffered damage by reason of water diverted from its natural course to plaintiff's land by the construction of defendant's railway, you will find for defendant." The jury from this latter portion of the charge could have assumed that if the railway company, ·in the construction of its railway, properly provided sluices and ditches for the drainage of the water, that it would not be liable although it might have failed to maintain them in proper condition, after being originally properly constructed.

The charges complained of on the measure of damages, we think, were proper, and of that portion of them that relates to the market value

of the crop the appellant possibly is not in a position to complain, because it seems that it had requested a similar instruction. The instruction of the court to the jury on this subject is that, if they find for the plaintiff, they will allow him such sum as will in cash compensate him for the damages done to his crop, taking into consideration the actual cash market value of the crop so injured or destroyed, if any, at the time of such injury, allowing only for the actual damages to the same; and if you find from the evidence that the plaintiff's land was injured you will allow him such further sum as will in cash compensate him for the injuries, if any, done to the land.

There is some evidence in the record which had a tendency to show that the injury to the land was merely temporary, and not permanent, and there is evidence tending to show that there was a partial injury and destruction of the crop. While ordinarily the rule may be that the crop, in the condition it was at the time it was injured or destroyed, may not have had a market value (International & G. N. Ry. Co. v. Pape, 73 Texas, 503), but, if it had a market value, we see no reason why it would not be proper to instruct the jury to award the plaintiff, as compensation, the market value of the crop so injured or destroyed. (Texas & St. L. Ry. v. Young, 60 Texas, 203, and Gulf, C. & S. F. Ry. v. Nicholson, 25 S. W. Rep., 54.)

The verdict and judgment in appellee's favor are supported by the evidence.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*