MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. J.
CROW.

Decided May 23, 1906.

**Railway—Overflowing Land—Negligence.**

The right to recover damages for flooding plaintiff's land, caused by construction of a railway, is not dependent on negligence in the construction. It is given by the statute (Rev. Stats., art. 4436), wherever the company fails to construct the necessary culverts and sluices, as the natural lay of the land requires for the necessary drainage thereof.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

Crow sued the railway company and had judgment and defendant appealed.

*T. S. Miller* and *Geo. W. Tyler,* for appellant.—The court did not find any negligence whatever on the part of defendant. Rev. Stats. (1895), art. 4436; Railway Company v. Elam, 1 W. & W. Civil Cases, sec. 447; Ashley v. Wolcott, 11 Cush., 192; Turner v. Dartmouth, 13 Allen, 291.

*Pendleton, Ferguson & Durrett,* for appellee.—The finding of the court (that defendant's embankment concentrated the overflowing waters of Little River and discharged them through a culvert in a current upon plaintiff's land, damaging it), supports his conclusion that plaintiff was entitled to recover. St. Louis S. W. Ry. Co. v. Baer, 86 S. W. Rep., 653; San Antonio & A. P. Ry. Co. v. Gurley, 83 S. W. Rep., 842; Texas & P. Ry. Co. v. Whitaker, 82 S. W. Rep., 1051; San Antonio & A. P. Ry. Co. v. Kiersey, 86 S. W. Rep., 744; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427; St. Louis & S. F. Ry. Co. v. Craigo, 31 S. W. Rep., 210; Texas & P. Ry. Co. v. Overheiser, 76 Texas, 437; Sabine & E. T. Ry. Co. v. Woods, 69 Texas, 679; Gulf, C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by appellee against the appellant for damages to crops from overflow caused by the alleged negligence of appellant in failing to construct and maintain the necessary culverts and sluices through and under its embankment across Little River bottom, adjacent to appellee's land, for its necessary drainage according to the natural lay thereof. The case was tried by the court without a jury and judgment was rendered for appellee for the sum of $200 and costs of suit.

Appellant's contention that appellee was not entitled to recover, unless it was shown that appellant was negligent in the construction of its road, embankment, culverts or sluices, is not sustained by the authorities. The requirement of the statute, that the railroad company shall construct the necessary culverts and sluices, as the natural lay of the land requires for the necessary drainage thereof, is absolute, and the right to recover damages resulting from a failure to comply with such require-

ment is not dependent upon whether or not the railroad company was guilty of negligence. (Sayles' Rev. Stats., art. 4436; St. Louis S. W. Ry. Co. v. Baer, 86 S. W. Rep., 653; San Antonio & A. P. Ry. Co. v. Kiersey, 86 S. W. Rep., 744; San Antonio & A. P. Ry. Co. v. Gurley, 83 S. W. Rep., 842.)

The findings of fact and judgment of the court are supported by the testimony as shown by the record. There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*