CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others. (YAKEY, Intervenor.)[1]

*(Circuit Court, E. D. Missouri. January 5, 1886.)*

RAILROAD COMPANIES—FENCES — DOUBLE DAMAGES FOR KILLING CATTLE—RE-CEIVERS—REV. ST. MO. § 809.

The fact that a railroad is in the hands of receivers of this court does not make it any the less liable under section 809 of the Revised Statutes of Missouri for double damages for killing cattle.

In Equity.    Petition for rehearing on the intervening petition.

The intervenor asks in his petition for double damages for the killing of two heifers by the Quincy, Missouri & Pacific Railroad, June 11, 1884, and alleges that the heifers were reasonably worth when killed $550, and $50, respectively. The double damages were claimed under section 809, Rev. St. Mo. The claim having been referred to a master, he reported that the intervenor was not entitled to double damages, and that the cattle were only worth $200, and $30, respectively. He recommended, therefore, that the following order be entered: "Ordered that the receiver herein pay to Peter H. Yakey out of the incoming rents and profits of the property in their charge, not otherwise appropriated by the previous orders of this court, the sum of $230, with interest at the rate of six per cent. from the thirteenth day of June, 1885." The intervenor excepted to this report, and it was overruled by TREAT, J., as to double damages not being allowable, and in other respects confirmed. The matter now comes up on a motion by the receivers for a rehearing, asking that the master's report be confirmed in all things.

*H. S. Priest, George S. Grover,* and *E. Smith,* for receivers.

*James Carr,* for intervenor.

BREWER, J., *(orally.)* In this case the only question is whether the double damage act of the state of Missouri is to be enforced as against railroad property in the hands of a receiver. The supreme court of the United States have affirmed the validity of that act;[2] and I know of no reason why it is not applicable to every road in the state, whether in or out of the hands of a receiver. It is true there may be no equity, where the court takes possession of the assets of an insolvent corporation, in saying to one man, whose cow is killed, "We will double the value of your cow as a basis of adjustment," and to a man who has done a day's work, "We will adjust your claim only at the value of such work," and then distribute the assets upon that basis between them. But while there may be no equity in that mode of distribution, (and so I said in response to a letter written by some one who wanted to have me send all these cow cases to the state courts for trial,) yet when the question is put directly before the court

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] Missouri Pac. Ry. Co. v. Humes, 6 Sup. Ct. Rep. 110.

as to whether it will or not recognize the binding force of the statute against a road in the hands of its receivers, I have no doubt but that it is its duty to recognize it as binding, and adjust the compensation accordingly. The exceptions to the report of the master will be sustained, and the petition for rehearing denied.

