SMITH v. BRADT PRINTING CO.

(*Knoxville.*   September 30, 1896.)

CORPORATIONS.   *Mortgage of insolvent company void, when.*

The mortgages of a hopelessly insolvent corporation, conveying practically all of its property and authorizing the trustees to take immediate possession and to sell same if the debts were not paid within six months, are void where the corporation ceased business at once with no intention of resuming again, and the real purpose of the deeds, made by order of the board of directors, was to wind up the affairs of the corporation in such manner as to secure preferences to a creditor who was an officer and director of the company.

Case cited and approved: Tradesman's Publishing Co. *v.* Knoxville Car Wheel Co., 95 Tenn., 634.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

A. W. GAINES and PRITCHARD & SIZER for Smith.

BROWN & SPURLOCK for Bradt Printing Co.

McALISTER, J.   This is a general creditors' bill, filed in the Chancery Court of Hamilton County

by certain judgment creditors of the Bradt Printing
Co., to set aside two deeds of trust made by the
said Bradt Printing Co. and to wind up its affairs
as an insolvent corporation. One of the deeds of
trust attacked by the bill was made to James Gotts-
chalk, trustee, and embraced the machinery, plant,
and printing equipments of the corporation, which
constituted practically all of its assets. The object
of this deed of trust was to secure certain notes
set out in the conveyance, aggregating something
over $14,000, and on all of which, as stated in the
deed, Prosper Lazard "is either indorser or secur-
ity, except upon those payable to himself." The
said Prosper Lazard was at the time vice presi-
dent of the Bradt Printing Co., a director and
large stockholder therein.

The second deed of trust, executed at the same
time, was made to the said Prosper Lazard, as
trustee, and secures the same indebtedness embraced
in the Gottschalk deed, and also other debts amount-
ing to $4,900, among which are included the debts
of complainant. The last deed embraced the mate-
rial on hand, as well as the notes and accounts
receivable. It is stated in this last deed that it is
intended, as to the debts secured by the Gottschalk
deed, "to secure any balance that may be owing
on said debts to Prosper Lazard, or on which he
is indorser or security, after the exhaustion of the
property included in said trust deed to Gottschalk."

The bill charges and the record shows that this

Smith *v.* Bradt Printing Co.

arrangement is greatly to the advantage of the creditors secured by the Gottschalk deed, and correspondingly to the disadvantage of those secured only by the Lazard deed; and that while the former class will get nearly the full amount due on their debts, the latter class will get but a small *pro rata.*

The total value of all the assets of the Bradt Printing Co. at the time these trust deeds were made was about $10,023.08, while its total indebtedness, set out in the two deeds, amounts to $19,627.03. The Bradt Printing Co. was therefore an insolvent corporation when the two deeds of trust were executed. The trust deed to Gottschalk provides, viz.: "The trustee, James Gottschalk, is authorized, directed, and empowered to take immediate possession of the property herein conveyed, and unless the indebtedness hereby secured is paid by the Bradt Printing Co. within six months from this date, the trustee will sell the machinery, fixtures; etc., at public auction, to the highest bidder, for cash, and the proceeds will be applied," etc. The other trust deed to Lazard contains the following provision, to wit: "The trustee is authorized, directed, and empowered to take immediate charge and possession of the property included in the deed of trust, and will collect the accounts as expeditiously as possible, and the merchandise and stock on hand he will sell, either at public or private sale, within the next six months, either for cash or on short time," etc.

The Court of Chancery Appeals found that "the

defendant corporation did not transact any more business after the execution of the trust deeds, as indeed it could not if they were complied with, inasmuch as the possession of its plant and all its property, or practically all, was turned over to the trustee by said instruments. Indeed, the answer admits that the trustee, Gottschalk, took charge of the property conveyed to him immediately upon the execution of the trust deed, and that he soon thereafter rented the property to Geo. M. Bradt, as an individual, during the six months the deed was to run, month by month. The answer also states that Lazard, trustee, took charge of the property conveyed to him. From this we are justified in finding the fact to be, and so find, that the defendant corporation ceased to do business immediately upon the execution of the trust deeds on December 16, 1893, and from this fact, and the proportion of assets to liabilities, that the purpose of making the deeds of trust was not to facilitate the running of the business, but to wind it up and distribute its assets pursuant to the terms of the deeds of trust, and to go out of business. We further find as a fact," continues the court, "that three days before the deeds of trust were made, there was a meeting of the board of directors of the corporation, at which these deeds of trust were authorized to be executed."

The Court of Chancery Appeals was of opinion that the facts so ascertained by them brought this

case within the principles announced in *Tradesman Publishing Co.* v. *Knoxville Car Wheel Co.*, 11 Pickle, and granted complainants the relief asked. The defendants appealed to this Court, and assigned the following error: " That it was error for the Court to find and decree that, because the corporation was insolvent, it had no right to make the trust deeds giving preferences, and finding that the making of· the trust deeds was itself such an overt act of insolvency as avoided the deeds. Such a holding," continues the assignment, " means that no insolvent corporation could make a trust deed with preferences, and overrules all previous decisions of our Courts as we have understood them." The Court of Chancery Appeals did not hold, as is assumed in this assignment of error, that ·an insolvent corporation could not make a preferential assignment of its assets ·for the benefit of general creditors.

This Court expressly held, in *Tradesman's Publishing Co.* v. *Knoxville Car Wheel Co.*, that the insolvency of a corporation at the time of making such a conveyance does not, without more, vitiate the·deed. We expressly said in that case that " we do not decide, and do not wish to be so understood, that a corporation, although actually insolvent, so long as it is a going concern, may not deal with its property and transfer it for value, in due course of business, to general creditors. A mere excess of liabilities over assets would not alone be sufficient to justify an interference and stoppage of

business at the suit of a creditor." But in that case it appeared that in the deeds of trust attacked the company had conveyed its entire plant, including the wheels on hand as well as those in process of manufacture, its tools, stock in trade, all accounts and bills receivable and lands owned by the company which were not then under mortgage. The property conveyed in the deeds of trust apparently embraced everything owned by the corporation. The trustees were placed in possession of the property conveyed to them and the business of the company was suspended. Upon these facts we held that the execution of the deeds of trust in that case, under the circumstances, was an overt act of insolvency and was a preferential diversion of the corporate assets to the payment of debts of one class to the exclusion of other classes. We further held that the execution of these trust deeds, under the circumstances, was a confession of insolvency, and authorized the interference of a Court of Equity for the preservation of the corporate assets for the benefit of all the creditors." In respect of the facts of the case now being adjudged, the Court of Chancery Appeals found "that the defendant corporation was hopelessly insolvent when it executed the deeds of trust in question; that practically all its property was included in the two deeds of trust; that this property went immediately into the hands of the trustees, and the corporation ceased business with no expectation of resuming, and that the deeds of trust

were really made for the purpose of winding up the affairs of the corporation in such a manner as to secure the preferences therein contained.''

We fully concur with the Court of Chancery Appeals in their legal conclusion that the facts so ascertained by them brings this case within the principles settled in *Tradesman's Publishing Co.* v. *Knoxville Car Wheel Co.* (11 Pickle, 634).

The decree is therefore affirmed.