ROBINSON *v.* HARMON.

STATUTES—CONSTRUCTION—RAILROADS—RECEIVERS.

A receiver, operating a railroad under an order of the Federal court, is liable for the penalty imposed by 2 Comp. Laws, § 6235, upon railroad companies, who make overcharges in freight rates; the Federal statutes requiring such receiver to operate the same according to State law, in the same manner as the owner would be bound to do; and the provision of the State statute is held not to be strictly penal, but remedial. 25 U. S. Stat. chap. 866, §§ 2, 3.

ON REHEARING.

1. PENAL STATUTES—RECEIVERS.

No recovery of the penalty fixed by statute will be allowed against a receiver operating a steam railroad, when the statute does not, by its express provisions, include such receivers. 2 Comp. Laws, § 6234. McALVAY, J., dissenting.

2. SAME—CONSTRUCTION.

A statute creating a private right should be liberally construed as to the remedy, but in so far as it creates a penalty, requires a strict construction as against the offender. McAL-VAY, J., dissenting.

Error to Berrien; Coolidge, J. Submitted June 15, 1908. (Docket No. 12.) Opinion filed September 15, 1908. Rehearing granted December 21, 1908; reargued February 10, 1909; former opinion reversed July 6, 1909.

Debt by John Robinson against Judson Harmon, receiver of the Pere Marquette Railroad Company, for the amount of a penalty provided by section 6235, 2 Comp. Laws. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Reversed, and no new trial ordered.

*Stevens, McPherson & Bills* (*Victor M. Gore*, of counsel), for appellant.

*G. M. Valentine* and *E. B. Valentine*, for appellee.

*John E. Bird*, Attorney General, and *George S. Law*, Assistant Attorney General, *amici curiæ.*

McALVAY, J. This case involves the same transactions and the construction of the same statute as in the preceding case. The decision in that case (*ante*, 266 [117 N. W. 661]), is controlling in this upon all the questions therein passed upon. The cases were heard and submitted together, and are designated in the records as the "Overcharge Case" and the "Penalty Case." Our disposition of the Overcharge Case leaves but one question, to be considered in this, the Penalty Case.

Section 6235, 2 Comp. Laws, provides that every such railroad corporation shall, on the due payment of freight legally authorized, transport property to and from regular stopping places established therefor, "under a penalty for each violation of this provision, of one hundred dollars, to be recovered by the party aggrieved, in an action of debt against such corporation." The contention is that the defendant receiver is not liable for the penalty imposed by the statute upon railroad corporations, and that the trial court was in error in directing a verdict for plaintiff and refusing to direct a verdict for defendant. The Federal statutes (25 U. S. Stat. chap. 866, §§ 2, 3; 4 Fed. Stat. Ann. 386) provide that a receiver in possession shall manage and operate the property in charge "according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession;" also "that every receiver * * * may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver * * * was appointed." It is not disputed but that under this Federal statute civil suits for damages may be maintained against receivers arising from the management or operation of the road in charge, in violation of the State laws. The contention is:

"A receiver appointed by a court of chancery and operating a railroad under an order of the court, is not liable

157 MICH.—18.

for a penalty imposed by a statute upon railroad companies or corporations."

Defendant relies upon the case of *United States* v. *Harris*, 177 U. S. 305 (20 Sup. Ct. 609). This was an action brought against the receiver of a railroad company to recover a penalty for confining certain animals without food and water, contrary to the provisions of a Federal statute. The penal provision is as follows:

"Any company, owner or custodian of such animals, who knowingly and wilfully fails to comply with the provisions of the two preceding sections shall, for every such failure, be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars." 17 U. S. Stat. chap. 252, § 1; 1 Fed. Stat. Ann. 447.

The section following provides that such penalty shall be recovered by civil action in the name of the United States. This was purely a penal action. The penalty was solely for purposes of punishment. The case was disposed of upon the strict construction of this penal statute, the court holding that the words of the statute, "any company, owner or custodian of such animals," in the section quoted, did not include receivers. The court said:

"It is claimed that the effect of such legislation [referring to the statutes requiring receivers to manage and operate railroads in their charge according to the valid laws of the State where situated] is to place receivers upon the same plane with railway companies as respects their liability to be sued for acts done while operating a railroad. * * *

"It may be conceded that it was the intention of congress to subject receivers of railroad companies, appointed such by courts of the United States, to the valid laws and regulations of the States and of the United States, whose object is to promote the safety, comfort, and convenience of the traveling public. But we are not now concerned with the general intention of congress, but with its special intention, manifested in the enactments under which this suit was brought. * * * Can we fairly bring receivers

within the penal clause by reasoning from a supposed or an apparent motive in congress in passing the act? * * *

"It is not permitted to courts, in this class of cases, to attribute inadvertence or oversight to the legislature when enumerating the classes of persons who are subjected to a penal enactment, nor to depart from the settled meaning of words and phrases in order to bring persons not named or distinctly described within the supposed purpose of the statute."

We think that the case at bar is distinguishable from *United States* v. *Harris, supra,* in that this is not a penal statute, strictly speaking, but is remedial in its effect. An examination of the original record and briefs in the *Harris Case* shows that the distinction between the two classes of cases was recognized. The right of action in the case at bar is limited to the person injured. The act complained of is not made a crime, and the statute is no more penal in its nature than those which provide for the doubling of damages in cases of stock injured by railroad corporations which have neglected to properly fence their rights of way. Such statutes have been enforced against receivers. *Central Trust Co.* v. *Railway Co.*, 26 Fed. 12.

The following is taken from the brief for the receivers in the *Harris Case:*

"It is an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression shall be deemed general."

And again:

"It may be stated in general terms that any statute which gives a remedy or means of redress where none existed before, or which creates a right of action in an individual, or a particular class of individuals, is remedial within the meaning of this rule. Black on Interpretation of Laws, pp. 307, 308."

This is the view taken by this court of this statute under

consideration, and we hold that the case at bar is not within the rule laid down in the *Harris Case, supra*. It follows, therefore, that the circuit court was not in error in instructing a verdict for plaintiff.

The judgment is affirmed.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.

### ON REHEARING.

Ostrander, J. The former opinion of this court in this case is reported *ante*, 272 (117 N. W. 664). A rehearing was granted, and the case has again been carefully considered. The statute (2 Comp. Laws, § 6234, subd. 7) establishes a maximum rate for transporting freight by the car. A violation of this provision is asserted by plaintiff, whose right to maintain this suit is based upon the succeeding section of the statute, which reads:

" (6235) Sec. 10. Every such corporation shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junctions of other railroads, and at siding and at stopping places established for discharging and receiving way passengers and freight; and shall take, transport, and discharge such passengers and property at, from, and to such places, on the due payment of toll, freight, or fare, legally authorized therefor; and every such corporation shall transport merchandise, wood, lumber, and other property, and persons from the various stations upon said road, without partiality or favor, when not otherwise directed by the owner of said property, and with all practicable dispatch, and in the order in which such freight and property shall have been received, under a penalty for each violation of this provision, of one hundred dollars, to be recovered by the party aggrieved, in an action of debt against such corporation: *Provided*, That perishable or explosive freight and property shall have the preference over all other classes of merchandise. In case of the refusal by such corporation or agents so to take and transport any such passenger or property, as aforesaid, or

to deliver the same, or either of them, without a legal or just excuse for such default, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit, or the penalty prescribed in this section, at the election of the party aggrieved."

The defendant is a receiver of the railroad appointed by a Federal court. We are satisfied that no legal or just excuse for the overcharge complained about was made, and that the single question presented is whether the receiver is liable to the penalty imposed by the statute. It is said in the former opinion that this " is not a penal statute, strictly speaking, but is remedial in its effect;" and this is held to distinguish the case at bar and *United States* v. *Harris*, 177 U. S. 305 (20 Sup. Ct. 609). It is also said in the opinion that " the statute is no more penal in its nature than those which provide for the doubling of damages in cases of stock injured by railroad corporations, which have neglected to properly fence their rights of way."

It was said by this court of a statute doubling damages :

" The language and spirit of the act exclude the supposition that the legislature intended compensation or anything of the nature of recompense to the injured party in allowing the extra amount, since the single damages provided for were ' all the damages done,' and if, as single damages, the party obtained ' all the damages,' his recovery beyond that must embrace something not strictly damages at all. The name given, therefore, to this excess by the statute cannot alter its intrinsic character and transform a penalty for punishment into a mere recompense; neither can the circumstance that the amount above the whole damages, when recovered, would pass to the plaintiff, and not to the public, alter its nature and convert it into a private personal claim absolutely inextinguishable by repeal before judgment." *Bay City, etc., R. Co.* v. *Austin*, 21 Mich. 390, 411.

And in *Crosby* v. *Railroad Co.*, 131 Mich. 288 (91 N. W. 124), and in *Van Camp* v. *Railroad Co.*, 137 Mich. 467 (100 N. W. 771), the statute we are considering is called, and treated as, a penal statute. It is evident that

the sum of $100 which may be recovered for violation of the statute may bear no relation whatever to the actual damage suffered by the plaintiff. The case is unlike *United States* v. *Harris, supra,* in this: In that case the penalty was imposed by a statute entitled "An act to prevent cruelty to animals while in transit by railroad or other means of transportation within the United States." It was recoverable by the United States from "any company, owner or custodian of such animals who knowingly and wilfully fails to comply with the provisions. * * *"

It was held that receivers were not within the letter of the statute, and not necessarily within its purpose or spirit. The statute we are considering is the charter of the company which the receiver managed and controlled. The penalty is recoverable by, and is for the benefit of, a party aggrieved. The statute gives a private right enforced by a private civil action. In this respect it is remedial as well as penal. The public is not concerned. A liberal construction for the purpose of the remedy may be indulged, but to the extent that it operates against the offender it must be construed strictly. 2 Lewis' Sutherland on Statutory Construction (2d Ed.), § 532 *et seq.* The penalty is by the terms of the statute imposed upon the corporation, and is recoverable in an action of debt brought against it. The receiver is not the corporation nor its agent, but is, upon the theory of the plaintiff, the one who has incurred the penalty. It cannot be said, as matter of law, that the receiver may charge the amount of this penalty in his accounts, and have the same allowed by the court appointing him. An act of congress provides that a receiver appointed by a Federal court shall operate property committed to his charge according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. A penalty is provided for violating this provision which is made a misdemeanor. We are unable to distinguish the case in principle and the case of

*United States* v. *Harris, supra.* We reach the conclusion that the receiver is not liable, and that the judgment against him should be reversed, and no new trial granted. This conclusion is supported by authority. *Missouri R. Co.* v. *Stoner*, 5 Tex. Civ. App. 50 (23 S. W. 1020); *Campbell* v. *Wiess* (Tex. Civ. App.), 25 S. W. 1076; 16 Enc. Pl. & Pr. p. 263.

BLAIR, C. J., and GRANT, MONTGOMERY, HOOKER, MOORE, and BROOKE, JJ., concurred with OSTRANDER, J.

McALVAY, J. I adhere to my former opinion for affirmance.