PEOPLE *v.* BLAIR.

RAILROADS—RECEIVERS—CRIMINAL LAW—OBSTRUCTION OF CROSS-
INGS.

> Containing no express language applicable to the receivers
> of a railroad corporation, section 6301, 2 Comp. Laws (3
> How. Stat. [2d Ed.] § 6656), prohibiting railroad corpora-
> tions or companies owning or operating railroads from
> obstructing any public street or highway more than five
> minutes, does not warrant the prosecution of receivers of
> the Pere Marquette Railroad Company for the penalty
> thereby imposed.

Error to Van Buren; Des Voignes, J. Submitted
June 19, 1914. (Docket No. 40.) Decided December
18, 1914.

Action by the people of the State of Michigan
against Frank W. Blair and others as receivers of the
Pere Marquette Railroad Company for a statutory
penalty. Judgment for defendants on a directed ver-
dict. Plaintiff brings error. Affirmed.

*Grant Fellows,* Attorney General, *Earl L. Burhans,*
Prosecuting Attorney, and *Lynn J. Lewis,* Assistant
Prosecuting Attorney, for the people.

*Glenn E. Warner* (*John C. Bills,* of counsel), for
appellees.

KUHN, J. This suit is brought to recover from the
defendants as receivers, appointed by a Federal court,
of the Pere Marquette Railroad Company the sum of
$25 as a penalty for the violation of section 6301, 2
Comp. Laws (3 How. Stat. [2d Ed.] § 6656), which
reads in part as follows:

"And any railroad corporation, or company owning

or operating a railroad in this State that shall permit its engines, cars, or trains to obstruct any public street or highway, for a longer period than five minutes at any one time, shall be liable to a penalty for each offense of twenty-five dollars."

It is undisputed that on July 20, 1913, the Pere Marquette Railroad Company, while in the hands of receivers, did obstruct a street in the village of Hartford, Van Buren county, in violation of this section of the statute. A verdict being directed in favor of the defendants by the trial court, the cause is removed here by writ of error. The questions raised by the briefs of counsel are as follows:

(1) A writ of error will not lie from the verdict of a jury without an entry of judgment thereon.

(2) Are receivers operating a railroad under an order of the court liable for a penalty imposed by statute upon railroad corporations when the statute does not by its express provisions include receivers?

On the argument of the cause in this court, a certified copy of the judgment was filed with the court, and the record was amended to show the judgment, by consent of counsel for the appellees, who waived the point.

In directing a verdict in the lower court for the defendants, the learned trial judge relied upon the decision of this court in the case of *Robinson* v. *Harmon*, 157 Mich. 272 (117 N. W. 664). It is now urged that in the instant case it is sought to recover a penalty for a violation of a public duty, while in the *Robinson Case* the penalty inured in favor of a private individual, and recovery was sought by him. In the opinion of this court in the *Robinson Case* on the rehearing, when the court came to a different conclusion than was arrived at on the first hearing, it was said that in that case "the public is not concerned;" but a careful study of both opinions of the court in the

case clearly shows that the decision holds that no recovery of a penalty against a receiver operating a steam railroad will be allowed when the statute does not by its express provisions include such receivers, and the case of *United States* v. *Harris*, 177 U. S. 305, 309 (20 Sup. Ct. 609, 611), is cited in the opinions. In the latter case the action to recover the penalty was brought by the government, and the decision was based squarely upon the proposition that penal statutes must be strictly construed, and the court said:

"It is not permitted to courts, in this class of cases, to attribute inadvertence or oversight to the legislature when enumerating the classes of persons who are subjected to a penal enactment, nor to depart from the settled meaning of words or phrases in order to bring persons not named or distinctly described within the supposed purpose of the statute.

"It may well be that congress, in omitting to expressly include receivers in these sections, intended to leave them subject to the control and direction of the courts, whose officers they are. It does not, therefore, follow that the statute in question would be without operation, where railroads are in the hands of receivers."

Mr. Justice McALVAY, in writing the first opinion in the *Robinson Case*, was of the opinion that the statute in that case was not a penal statute, strictly speaking, but was remedial in its effect, and thus distinguished it from the case of *United States* v. *Harris, supra.*

The statute involved in this case being strictly a penal statute, we see no escape from the conclusion that the case comes squarely within the decision in *Robinson* v. *Harmon, supra,* and the judgment of the court below must be, and therefore is hereby, affirmed.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.