CITY OF SAN MARCOS v. INTERNATION-
AL & G. N. RY. CO. et al.   (No. 6023.)

(Court of Civil Appeals of Texas.   San Antonio.
May 1, 1918.)

1. RAILROADS ☞95(8) — CROSSINGS — PENAL-
TIES—RECEIVERS.

Rev. St. 1911, art. 1068, authorizing recovery of penalty from railroad for failure to repair crossings after notice, being penal, and not mentioning recovery from railroad receiver, does not authorize action for the penalty against a receiver.

2. RAILROADS ☞95(8) — CROSSING — PENAL-
TIES—RECEIVERS.

Mere fact that receiver for railroad was appointed under federal statutes, requiring him to operate the road according to state laws, did not render him liable for penalty provided by Rev. St. 1911, art. 1068, for failure to repair crossing, after notice; since such statute does not apply to receivers, and a federal receiver is in the same position as a state receiver.

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Action by the City of San Marcos against the International & Great Northern Railway Company and others; dismissed as to the Company, and prosecuted against James A. Baker, as receiver of such Company. Judgment dismissing the action, and the City appeals. Affirmed.

See, also, 167 S. W. 292.

R. E. McKie, of San Marcos, for appellant. Fisher & Fisher and Robert Thompson, all of Austin, and Dabney & King, of Houston, for appellees.

MOURSUND, J. This is an action by the city of San Marcos to collect statutory penalty under article 1068, R. S. 1911, which reads as follows:

"It shall be the duty of every railroad company in this state to place and keep that portion of its roadbed and right of way over or across which any public street of any incorporated town or village may run, in proper condition for the use of the traveling public; and, in case of its failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed, by the town marshal of such town or village, it shall be liable to a penalty of twenty-five dollars for each and every week such railroad may fail or neglect to comply with the requirements of this article, recoverable in any court having jurisdiction of the amount involved, in a suit in the name of such town or village."

The suit was originally brought against the International & Great Northern Railway Company and Cecil Lyon and James A. Baker, receivers, but after the death of Lyon, plaintiff, by amended petition, dismissed as to the railway company, and prosecuted its suit against James A. Baker, as receiver, for penalties alleged to have accrued since the qualification of the receivers on August 10, 1914, up to and including September 10, 1916, which were alleged to aggregate $2,700. It was alleged that on or about December 7, 1911, the city of San Marcos "caused to be given in the manner required by law written notice to the section foreman or boss of said railway company who had charge of the section where said Guadalupe street crosses said roadbed and right of way," demanding that the crossing be placed in condition for the use of the traveling public. The court sustained a general demurrer and special exceptions, which really constituted general demurrers, and dismissed the suit.

The rulings involved raise the following questions: (1) Can the penalties provided for by article 1068, R. S. 1911, be collected from a receiver for failure to place crossing in proper condition during the existence of the receivership? (2) If so, is notice given to the section foreman of the railway company prior to the appointment of the receiver notice to the receiver?

[1] Article 1068, hereinbefore copied, does not mention receivers, and, being penal in its nature, cannot be extended beyond the scope of the terms employed therein so as to include receivers. Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262; Bonner v. Co-Op. Ass'n, 4 Tex. Civ. App. 166, 23 S. W. 317; Campbell v. Wiess, 25 S. W. 1076; Railway v. Shetter, 58 S. W. 179. Appellant relies upon the cases of Clark v. Dyer, 81 Tex. 343, 16 S. W. 1061, and Railway v. Bender, 87 Tex. 99, 26 S. W. 1047. These cases were considered in the cases of Bonner v. Co-Op. Ass'n and Railway v. Shetter, supra, and found to be distinguishable from cases involving a suit for statutory penalty.

[2] Appellant relies upon the fact that Baker was appointed by the federal court; the theory being that the federal statutes requiring receivers appointed by the federal courts in possession of property to manage and operate the same according to the requirements of the laws of the state in which the property is situated makes the receiver liable for any penalty prescribed for failure to comply with a statute of the state. There is no merit in this contention. The liability must rest solely on the state statute, and under the rules for construing penal statutes, receivers cannot be held to be included. A

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

receiver appointed by a federal court would be in the same position as one appointed by a state court.

We conclude that the court did not err in sustaining the general demurrer. It becomes unnecessary to consider the question of notice.

The judgment is affirmed.