Petition of WALKER. NEW RIVER LUMBER Co *v.* TENNES-
SEE RY. CO. TENNESSEE RY Co. *v.* STANDARD TRUST
Co. *et al.*

(*Knoxville.* September Term, 1918.)

1. **RAILROADS. Property. Liens. Constitutionality of statute.**

Shannon's Code, section 1530, providing that no lien created by rail-
road on its property shall be valid against judgments for dam-
ages to persons and property in the operation of its railroad is
valid. (*Post, p.* 284.)

Case cited and approved: Frazier v. Railroad, 88 Tenn., 138.

Code cited and construed: Sec. 3, ch. 72 (S. 1877).

2. **RAILROADS. Property. Liens. Construction of statute.**

Shannon's Code, section 1530, preventing railroad company from
creating mortgage or lien to be valid as against specified claims,
does not create a lien in favor of those coming within its provi-
sions, but operates to postpone liens created by railroad company
to the satisfaction of claims of the preferred class. (*Post, p.* 285.)

Case cited and approved: Railroad v. Evans, 66 Fed., 809.

3. **RECEIVERS. Authority of court. Liens.**

Court operating railroads under direction of receiver cannot create
a priority of lien forbidden by the statutes. (*Post, p.* 285.)

4. **RAILROADS. Receivers. Authority of court.**

Generally court may order. or authorize receiver to do any acts in
regard to the preservation or operation of a railroad which are
within the corporate powers of the company, but the receiver
cannot exercise, nor can the court authorize him to exercise, any
powers or franchises beyond those of the company to whose pos-
session he succeeds. (*Post, p.* 285.)

5. **RECEIVERS.** Judgment for personal injuries. Receiver's certificates. Priority.

Under Shannon's Code, section 1530, judgment recovered against receiver of railroad for death from negligence in operation of road *held* prior to receiver's certificates; the receiver standing in no more favored position as to priority of incumbrance against such judgment than the railroad. (*Post, pp.* 285-287.)

Cases cited and approved: ,Anderson v. Condict, 93 Fed., 349; Tradesmen Pub. Co. v. Knoxville Car Wheel Co., 95 Tenn., 634; Smith v. Printing Co., 97 Tenn., 351; Comfort v. McTeer, 75 Tenn., 652; Barnett v. E. T., V. & G. R. Co. (Ch.), 48 S. W., 817; Hill v. Ry. Co. (Ch.), 42 S. W., 888.

---

FROM SCOTT.

---

Appeal from the Chancery Court of Scott County— HUGH G. KYLE, Chancellor.

J. A. FOWLER and B. CECIL, for A. C. Walker, Adm'r.

H. M. CARR, for creditors' bill and receiver.

MR. JUSTICE BACHMAN delivered the opinion of the Court.

A statement of the facts of these cases, out of which the present controversy arises, is to be found in 136 Tenn., 661, 191 S. W., 334.

Subsequent to the appointment of the receiver and the issuance of receiver's certificates to the amount of $310,000, the restraining order enjoining institution of suits against the receiver having been modified

by the chancellor, the appellant herein, A. C. Walker, as the administrator of the estate of Roscoe Walker, deceased, alleging that the death of his intestate was caused by the negligence of the receiver's employees in the operation of the road, recovered a judgment in the circuit court against the receiver amounting, with interest and costs, to the sum of $3,808.90.

On August 17, 1918, in response to the order of the court, the master filed his report, in which was shown, among others of like character, the judgment referred to, "and that the same should be paid out of any net earnings or income of said receiver in operating said railway."

The appellant, on August 20, 1918, filed exceptions to the report of the master as follows:

"A. C. Walker, administrator, excepts because the master did not report that the payment of all other claims except those secured by statutory lien should be postponed till after the payment of his judgment, in that said judgment was rendered in his favor for the death of his intestate, Roscoe Walker, caused by the negligence of the receiver's employees in the operation of the road of which he had charge."

This exception was overruled by the court.

In adjudging the order of priorities the court decreed the payment of claims as follows:

(1) All the unadjudged costs of the consolidated causes, including allowances to the receiver and counsel for the receiver and for the general creditors.

(2) The liabilities for taxes.

(3) The receiver's certificates, with interest or interest coupons thereon, and the claims of the Manufacturers' National Bank of Harriman, First National

Bank of Rockwood, and the Mechanics' Bank & Trust Company, reported by the master under the head of "Liabilities by Notes."

(4) All other liabilities of the receiver as shown by the report filed August 17, 1918, and as confirmed by said decree.

The certificates authorized and issued by the receiver provide that the same "shall be and constitute a first lien on the property of the Tennessee Railway Company, and each certificate shall be and constitute an equal and joint lien with all other certificates of like nature and character without reference to the date of the negotiation of the same."

The question here presented is one of priority, under our statute, between a judgment creditor for damage done to persons and the receiver's certificates issued under the authority of the court.

Section 1530 of the Code (Shannon's Acts of 1877, chapter 72, section 3) provides that: "No railroad company shall have power to give or create any mortgage or other kind of lien on its railway property in this State which shall be valid and binding against judgments and decrees and executions therefrom for timbers furnished and work and labor done on, or for damages done to persons and property in the operation of, its railroad in this State."

The statute is a valid and constitutional limitation upon the power of all railroads in the State to create any lien valid as against claims of the character therein enumerated. *Frazier* v. *Railroad,* 88 Tenn., 138, 12 S. W., 537.

The statute does not create a lien in favor of those coming within its provisions, but operates to postpone liens created by railroad companies to the satisfaction of claims of the preferred class. *Railroad* v. *Evans,* 66 Fed., 809, 14 C. C. A., 116.

It is clear that the railway company herein, had it been operating the road at the time of the injury complained of, could have created or incurred no obligation in any wise conflicting with the provisions of the statute

Can the court, operating the railroad under direction of its receiver, create a priority forbidden by the statute? We think not.

"Generally speaking, the court may order or authorize the receiver to do any acts with regard to the pre-servation and operation of the road which are within the corporate powers of the company; but the receiver cannot exercise nor can the court authorize him to exercise any powers or franchises beyond those of the company to whose possession he succeeds." 33 Cyc., 627.

The receiver, in operating the railroad under direction of the court, stood, with respect to his duties and liabilities, in the same position as did the corporation had it been so engaged. Whether the receiver is to be regarded as the officer of the court or of the corporation, or of the creditors, or as the representative of all those interested, he is intrusted with the powers of the corporation, and is onerated with its charter and statutory responsibilities and obligations. So, if the Tennessee Railway Company, as owner or the Standard Trust Company, as mortgagee, were in possession and operating the railroad, there could arise no question of the application of the act of 1877; the receiver stands in

no more favored position. High on Receivers (4th Ed.), section 395, and authorities cited.

Claims of the character presented herein are considered meritorious, have received the protection of our statutory enactment, and the liabilities incurred by the railroad itself or through the receiver should be postponed until after their satisfaction.

Independent of statute, it has been held, where certificates of a receiver of a railroad were declared a first lien on the property and its proceeds, and on all net income derived from its income after the payment of costs and expenses of administration, that a claim for personal injuries happening during the operation of the road by the receiver was an expense incurred in and by reason of the operation of the road, and should be charged upon the *corpus* of the property, where there was not sufficient income to pay the same. *Anderson* v *Condict*, 93 Fed., 349, 35 C. C. A., 335.

We deem inapplicale the cases of *Tradesman. Pub. Co.* v. *Knoxville Car Wheel Co.*, 95 Tenn. 634, 32 S. W., 1097, 31 L. R. A., 593, 49 Am. St. Rep., 943, *Smith* v. *Printing Co.*, 97 Tenn., 351, 37 S. W., 10, and *Comfort* v. *McTeer*, 7 Lea, 652, cited in support of the contention of the priority of the receiver's certificates. These cases hold that upon an overt act of insolvency by a corporation its assets constitute a fixed trust fund for the benefit of all creditors, and preferences sought to be made are invalid. The statute under consideration in no wise applies to such cases. In the case here preferences are created by virtue of the statute.

In *Barnett* v. *E. T., V. & G. Ry. Co.* (Ch.), 48 S. W., 817, in so far as there was a consideration of the act

In re Walker.

of 1877, it was decided that, approving *Hill* v. *Ry Co.* (Ch.), 42 S. W., 888, a creditor by judgment for personal injuries was not entitled to relief or satisfaction of his claim where there had been a valid sale of all the railroad properties, and the creditor had not taken advantage of ample opportunity to present and have allowed his claim. The court there decided that in a general creditors' proceeding wherein the debtor railroad was wound up as an insolvent corporation, its property sold, and the proceeds distributed among its creditors, a creditor given preference by the act of 1877, with notice of the insolvency proceedings, could not follow the property into the hands of the purchaser, *Railroad* v. *Evans,* supra.

Such is not this case. Here the creditor intervenes, and claims his preferential right to which we hold him entitled. The decree of the chancellor will be accordingly modified.