### MERCANTILE TRUST CO. v. TENNESSEE CENT. R. CO.

(District Court, M. D. Tennessee, Nashville Division. April 19, 1922.)

#### No. 1106.

1. **Railroads ⊚⟹171(8)—Claims for injuries settled by receivers have priority over mortgage under state statute.**

   Act Tenn. March 24, 1877, c. 72, § 3, now incorporated in Shannon's Code, § 1530, providing that no railroad company can create any mortgage or other lien on its property which shall be binding against judgments for damages due to persons or property in the operation of its railroad, entitles a claim for damages for personal injury, which had not been reduced to judgment but had been liquidated by settlement by the receivers, to priority over the mortgages.

2. **Railroads ⊚⟹171(8)—Claims for injuries during operation by receivers have priority over mortgage under state statute.**

   Claims for injuries to persons or property by the operation of railroads in the hands of receivers are given priority over the mortgages by Shannon's Code Tenn. § 1530, which in express terms relates to damages from the operation of the railroad, without limiting operation to that by the railroad company.

3. **Courts ⊚⟹363—State statute regulating operation by railroad companies applies to operation by receivers appointed by United States court.**

   As a general rule, state statutes regulating the operation of railroads, which, by their terms, apply only to operation by the railroad companies, extend to the operation of the roads by receivers appointed by the United States court, where such application is not expressly excluded by the statute itself, especially in view of Judicial Code, § 65 (Comp. St. § 1047), requiring the receiver to operate the property in accordance with the valid laws of the state.

4. **Interest ⊚⟹20—Rule stopping interest on appointment of receivers applies only if all claims have same rank.**

   The rule that, after the property of an insolvent party is placed in the hands of a receiver, interest is not allowed on claims against the fund, applies only where the creditors are all of the same rank, and where there are claims with different priorities, the holders of the prior claims are entitled to interest to the date of the decree.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Interest ⬨═20—Statutory priority of claims entitles them to interest after receivership.**

Claims against the receivers of a railroad for damages resulting from the operation of the railroad, which are given priority over the mortgage by a state statute, draw interest after the appointment of the receiver, the same as claims having priority in the form of a lien.

In Equity. Bill by the Mercantile Trust Company, trustee, against the Tennessee Central Railroad Company, to foreclose a second mortgage, under which, after the appointment of receivers, the Mississippi Valley Trust Company, as trustee under the first mortgage, appeared and filed its dependent bill to foreclose the first mortgage. On a reference to a special master, he reported in original and supplemental reports as to the priority of judgments and claims for injuries to persons and property occasioned in the operation of the railroad before and after the appointment of receivers. On exceptions of the Mississippi Valley Trust Company to the reports. Exceptions overruled.

Charles N. Burch, of Memphis, Tenn., W. L. Granbery and A. W. Akers, both of Nashville, Tenn., and S. R. Prince, of Washington, D. C., for Mississippi Valley Trust Co.

Pitts & McConnico and W. H. Washington, all of Nashville, Tenn., W. R. Chambers, of Lebanon, Tenn., E. G. Tollett, of Crossville, Tenn., S. A. Brazeale, of Harriman, Tenn., Walter Faulkner, of Lebanon, Tenn., O. K. Holladay, of Cookeville, Tenn., John F. McNutt, of Rockwood, Tenn., and William A. Guild, of Nashville, Tenn., for judgment creditors and claimants.

SANFORD, District Judge. The special master has reported certain judgments and claims for damages done to persons and property in the operation of the railroad of the Tennessee Central Railroad Co. within the State of Tennessee, as prior to the first mortgage bonds; basing such priority on section 1530 of Shannon's Code of Tennessee and Frazier v. Railway Co., 88 Tenn. 138, 12 S. W. 537, relating thereto. The Mississippi Valley Trust Co., Trustee, has filed exceptions to this portion of the reports.

The Tennessee Act of March 24, 1877, c. 72, § 3 (Acts of 1877, p. 92), contained the express proviso now incorporated in section 1530 of Shannon's Code:

"That no railroad company shall have power under this act or any of the laws of this state to give or create any mortgage or other kind of lien on its railway property in this state, which shall be valid and binding against judgments and decrees and executions therefrom, * * * or for damages done to persons and property in the operation of its railroad in this state."

This provision is constitutional. Frazier v. Railway Co., 88 Tenn. 138, 12 S. W. 537 (affirmed in East Tenn. Ry. v. Frazier, 139 U. S. 293, 11 Sup. Ct. 517, 35 L. Ed. 196); In re Walker, 141 Tenn. 281, 209 S. W. 739. And while not creating a lien in favor of the claims therein enumerated, it makes them "prior liabilities," to whose satisfaction mortgages and other liens created by the railroad company are postponed. Frazier v. Railway Co., 88 Tenn. at page 150, 12

S. W. 537; Re Walker, 141 Tenn. at page 285, 209 S. W. 739; Chattanooga Railroad v. Evans (6th Circ.) 66 Fed. 809, 818, 14 C. C. A. 116; Baltimore Tr. Co. v. Hoffstetter (6th Circ.) 85 Fed. 75, 80, 29 C. C. A. 35.

The Trust Company does not contest the application of this section of the Code to judgments for damages to persons and property growing out of the operations of the Railroad Company itself prior to the appointment of the receivers.

[1] 1. An incidental ground of exception is that the master has reported as ranking in priority with judgments for damages growing out of the operation of the railroad by the receivers, claims for such damages which, although not reduced to judgment, are admitted by the receivers. In Frazier v. Railway, 88 Tenn. at page 146, 12 S. W. 537, it was held, in effect, that under the Act of 1877 a claim for damages for personal injury which had not been reduced to judgment but had been liquidated by settlement between the claimant and the railway company, was entitled to such priority. The logic of this holding extends, in my judgment, to claims admitted by the receivers to be due; and this ground of the exception must be overruled.

[2] 2. The principal further ground of exception is to the effect that the Act of 1877 has no application to judgments and claims for damages to persons and property accruing out of the operation of the railroad by the receivers, but only gives priority to judgments for damages done by the railroad company itself in its own operations. This, however, is not in accordance with the language of the statute; the limiting words "done by the railroad company" not appearing therein. By its broad terms the priority extends to all "damages done to persons and property in the operation of the railroad"; that is, done in the operation of the line of railroad of the company executing the mortgage. And this would include not only damages accruing in the operation of the railroad by the company itself, but also by a lessee, or by a receiver operating the railroad under the orders of the court. This is the construction given to the Act in Re Walker, 141 Tenn. at page 285, 209 S. W. 739, in which it was said, arguendo, that a receiver in operating a railroad under directions of the court stood in the same position as did the corporation had it been so engaged, that if either the Railroad Co. or the mortgagee had been in possession and operating the railroad there could arise no question of the application of the Act of 1877, and that the receiver stood in no more favored position.

[3] And, independently of the broad and unrestricted language of the statute, it is a general rule that State statutes regulating the operation of railroads, which by their terms apply only to operations by the railroad companies themselves, nevertheless extend to the operation of the railroads by receivers, where such application is not expressly excluded by the statute itself. Peirce v. Van Dusen (6th Circ.) 78 Fed. 693, 696, 24 C. C. A. 280; Hornsby v. Eddy (8th Circ.) 56 Fed. 461, 5 C. C. A. 560; Central Trust Co. v. Wabash Railway (C. C.) 26 Fed. 12 (Brewer, J.); International Railway v. Bender, 87 Tex. 99, 101, 26 S. W. 1047. Furthermore, section 65 of the Judicial

Code (Comp. St. § 1047) specifically provides that any receiver in possession of property in any cause pending in any Federal court—

"shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

I am hence of opinion that the same priority exists under the Acts of 1877 in favor of judgments and claims for injuries to persons and property accruing in the operation of the railroad by the receivers as in its operation by the railroad company itself. This ground of exception must accordingly be overruled.

3. It is also urged that although the master reported as prior claims the amounts of these judgments and claims, with interest in full, no interest should be allowed after the date of the appointment of the receivers.

[4, 5] Assuming that the Trust Co. may now raise this question, in spite of lack of exception as to the matter of interest, I am nevertheless of opinion that the general rule stated in Thomas v. Western Car Co., 149 U. S. 95, 13 Sup. Ct. 824, 37 L. Ed. 663, that after the property of an insolvent party is placed in the hands of a receiver, interest is not allowed on claims against the fund, applies only to a case where the creditors are all of the same rank, and that where there are claims with different priorities, the holders of the prior claims are entitled to interest to the date of the decree. This is in accordance with the decisions in Central Trust Co. v. Condon, 67 Fed. 84, 88, 14 C. C. A. 314; Richmond Construction Co. v. Richmond Railroad (6th Circ.) 68 Fed. 105, 114, 15 C. C. A. 289, 34 L. R. A. 625, and Jourolmon v. Ewing (6th Circ.) 85 Fed. 103, 106, 29 C. C. A. 140. This distinction is also, as I view it, in accordance with New York Trust Co. v. Detroit Railway (6th Circ.) 251 Fed. 514, 521, 163 C. C. A. 508, in which the earlier cases were reviewed; and in which while interest was denied on claims for supplies furnished within six months prior to the receivership, as having "merely an equitable priority declared by the court," it was recognized that interest should be allowed on prior claims based upon express or statutory liens. And so in the present case, as the claims in question have priority by the terms of the State statute over the mortgage lien, I am of opinion that interest is properly to be allowed upon them. The fact that such statutory priority is not given in the form of a lien does not, in my judgment, serve as a substantial ground of distinction; the essential fact being that the claims are given an express statutory priority, not dependent upon a mere equitable priority declared by the court.

A decree will accordingly be entered overruling the exceptions of the Trust Co. to so much of the original and supplemental reports of the master as relate to the priority of judgments and claims for damages to persons and property; which confirmatory decree should, as a matter of due administration, be followed by a supplemental decree setting forth the specific judgments and claims adjudged to have priority, with the amount of each, and directing their payment out of

the proceeds of the sale herein. If such general decree is not seasonably presented, the individuals whose claims are adjudged to have priority, may apply for separate decrees directing their payment.